CITIZEN:

JUDGE OF FIRST INSTANCE IN CIVIL, COMMERCIAL AND TRANSIT MATTERS OF THE JUDICIAL DISTRICT OF THE METROPOLITAN AREA OF CARACAS. (To whom it corresponds for distribution). CHAMBERS.-

    I, **RICARDO CASTILLO SERRANO**, Venezuelan, of legal age, domiciled in the city of Barcelona, Municipality of Bolivar of the State of Anzoategui and passing through this city, holder of Identification card No. **V-12.677.924**, and registered in the Lawyer's Social Welfare Institute under No. **88.068**; acting herein as Legal Representative of the Commercial Corporation **LINDSAY, C.A.**, registered in the Tax Information Registry under No. **J-30302636-2**, duly registered before the First Commercial Registry of the Judicial District of the State of Anzoátegui, on 9 October 1995, filed under No. 11, Volume A-82, later registered before the Second Commercial Registry of the Judicial District of the State of Anzoátegui on 10 May 2001, filed under No. 42, Volume A-5, with later modifications being one of the last ones that which was duly registered before the same Second Commercial Registry, on 28 May 2010, under No. 29, Volume A-13 RM2DOETG. My capacity results from the power substitution document duly granted before the Second Notary Public of the city of Barcelona, of the State of Anzoátegui, dated 25 September 2012, being recorded under No. 019, Volume 078 of the authentication books which for such purposes are held by said Notary Office, which I attach hereto marked "A" as a photocopy after previously seeing their original and certification by the Secretary of this honorable court, before you, and with the due respect I hereby state:

ONE

That my client is the Commercial Corporation **LINDSAY, C.A.**, registered in the Tax Information Registry under No. **J-30302636-2**, with its main domicile at Avenida de Enlace C/C Calle 2, lot E-11, Edificio Lindsay, Zona Industrial, El Tigre Municipality of Simón Rodríguez of the State of Anzoátegui; and is the bearer and holder of

[signature]

www.castilloserrano.com

Av. Costanera, C.C. Camino Real, Ofic. BL-68 y 69, Nueva Barcelona, Anzoátegui. Venezuela Tlfs: 58-281-266.91.27/93.  Fax 265.94.25
e-mail: info@castilloserrano.com

the invoice which it issued to the Commercial Corporation **GAZPROM LATIN AMERICA SERVICIOS, C.A.;** Commercial Corporation domiciled in the city of Caracas, originally registered in the Fifth Commercial Registry of the Judicial District of the Capital District and State of Miranda, dated 25 August 2003, under No. 90, Volume 802-A-QTO, file No. 492453, as COSTNER INDUSTRIES DE VENEZUELA, S.R.L., later modifying its Bylaws to convert it into a Stock Corporation, in accordance with the document registered on 28 August 2003, under No. 80, Volume 804-A, and later modifying its name in accordance with the document registered on 30 September 2008, under No. 64, Volume 1903-A; on 4 March 2011, invoice No. 011904, for the amount of TWENTY TWO MILLION ONE HUNDRED AND TWO THOUSAND FOUR HUNDRED AND SIXTY NINE BOLIVARES WITH SEVENTY FIVE CENTS (Bs. 22,102,469.75); which was duly received and accepted by the company **GAZPROM LATIN AMERICA SERVICIOS, C.A.;** for which my client received three (3) payments by the defendant, on 11 March 2011, for the amount of FOUR MILLION ONE HUNDRED TWENTY ONE THOUSAND TWO HUNDRED AND SEVENTY THREE BOLIVARES WITH EIGHTY FIVE CENTS (Bs. 4,121,273.85), and 23 March 2011 for the amount of FOUR MILLION TWO HUNDRED THOUSAND BOLIVARES (Bs. 4,200,000.00), and 17 March 2011, for the amount of FIVE MILLION BOLIVARES (Bs. 5,000,000.00). I attach the invoice and bank transfer receipts marked as **"B, B-1, B-2 and B-3".** Said invoice is the result of a service agreement named **JUSEPIN 120 – AGREEMENT FOR THE PROCUREMENT, INSTALLATION AND CONSTRUCTION OF THE INCREASE IN THE GAS HANDLING CAPACITY IN THE JUSEPIN FIELD (EP-JUS-2), FURRIAL DISTRICT MATURIN ESTADO MONAGAS,** which was executed by my client fully and to the satisfaction of the defendant, as can be seen by the mechanical delivery certificate dated 15 September, provisional receipt certificate of the work and/or service, dated 13 June 2011, and management report Jusepin 120. The aforementioned documents are attached hereto marked "C (made up of 25 pages), C-1, C-2 and C-3 (made up of 11 pages)".

It is the case, your Honor, that on 13 June 2011, my client proceeded to charge the remaining balance of the invoice issued on 4

[initials]

March 2011, signed with No. 011904, which was duly received and accepted for collection by the company **GAZPROM LATIN AMERICA SERVICIOS, C.A.;** with the amount remaining to be paid, **described below:**

1) Invoice No. 11904, dated 4 March 2011, for the amount of TWENTY TWO MILLION ONE HUNDRED TWO THOUSAND FOUR HUNDRED AND SIXTY NINE BOLIVARES WITH SEVENTY FIVE CENTS (Bs. 22,102,469.75) for code **10229 COMPLEMENTATION SERVICE FOR MOBILIZATION AND INSTALLATION OF PROVISIONAL WORKS, GENERAL REPLANTING, EXCAVATION AND FILLING OF MILESTONE 1.1, TRANSPORT AND INSTALLATION OF 04 COMPRESSORS CORRESPONDING TO MILESTONE 1.2, ASSEMBLY OF 04 COMPRESSORS CORRESPONDING TO MILESTONE 1.3, COMPLETION OF MECHANICAL AND ELECTRICAL SYSTEMS AND INSTRUMENTS AND CONTROL MILESTONE 1.4, CONSTRUCTION OF CONTROL ROOM, TESTING OF TIES CORRESPONDING TO MILESTONE 1.5, METAL STRUCTURES CORRESPONDING TO MILESTONE 1.6, DEMOBILIZATION AND QUALITY ASSURANCE CORRESPONDING TO MILESTONE 1.7, WITH AN ACCUMULATED TOTAL OF 100% OF THE WORKS IN JUSEPIN 120, AGREEMENT FOR THE PROCUREMENT, INSTALLATION AND CONSTRUCTION OF THE INCREASE IN THE GAS HANDLING CAPACITY ACCORDING TO ATTACHED ASSESSMENT No 1070440 JUSEIN [sic] 120,** for which my client received three (3) payments totaling the amount of **THIRTEEN MILLION THREE HUNDRED TWENTY ONE THOUSAND TWO HUNDRED AND SEVENTY THREE BOLIVARES (Bs. 13,321,273.00),** as described above.

Invoice No. **011904** which I consign in its original format marked "B", which after deducting the amounts paid against the invoice indicated above, for which its collection is claimed, has a balance owed by the defendant for the amount of **EIGHT MILLION SEVEN HUNDRED EIGHTY ONE THOUSAND ONE HUNDRED AND NINETY SIX BOLIVARES WITH SEVENTY FIVE CENTS (Bs. 8,781,196.75);** which the share company the Commercial Corporation **GAZPROM LATIN AMERICA SERVICIOS, C.A.** has denied to pay my client, unpaid invoice, duly signed and accepted by the plaintiff, consigned as fundamental document marked "B"; which shows the commercial relationship and non-compliance in the total payment of the amount of said invoice.

[initials]

Consequently, the sum of money remaining expressed in the aforementioned invoice has generated current interest in the market (12% annually), since its respective issue date, 4 March 2011, calculated since 7 November 2013, including that same day, in the following manner:

> Invoice No. 011904, dated 4 March 2011 to 7 November 2013, remaining amount owed of said invoice, that is EIGHT MILLION SEVEN HUNDRED EIGHTY ONE THOUSAND ONE HUNDRED AND NINETY SIX BOLIVARES WITH SEVENTY FIVE CENTS (Bs. 8,781,196.75); thirty two (32) months have elapsed, at one percent (1%) per month, which would be the same as twelve percent (12%) annually, generating the amount of TWO MILLION EIGHT HUNDRED NINE THOUSAND NINE HUNDRED AND EIGHTY TWO BOLIVARES WITH NINETY SIX CENTS (Bs. 2,809,982.96).

Many steps have been taken, both personally and verbally, by my client, in order to be paid the rest of the balance of the invoice owed, however payment has not been made, neither with regard to the capital, and much less for the corresponding interest that have been generated due to the lack of timely payment incurred by the Commercial Corporation GAZPROM LATIN AMERICA SERVICIOS, C.A.; Tax Identification No. J-30302636-2, monetary obligation of the share company which my client has the right to charge at the current market rate, as stipulated by article 108 of the Commercial Code, provided it is with regard to commercial debts of payable cash amounts.

<u>TWO</u>

Article 124 of the Commercial Code provides that commercial obligations are proved, among other means, with the accepted invoice. Attached hereto in its original form, assigned with the letter "B", is the invoice accepted by the defendant company GAZPROM LATIN AMERICA SERVICIOS, C.A.; Tax Identification No. J-30302636-2, which shows and proves the monetary obligation of the latter to pay my client the balance of the payable cash amount indicated above.

[initials]

Article 147 of the Commercial Code establishes that if within eight (8) days following the receipt of the merchandise, the buyer does not claim the content of the invoice, the same is understood as irrevocably accepted. Likewise, article 108 of the same Code stipulates that the commercial debts of payable cash amounts accrue current market interest with full rights, provided that this does not exceed 12% annually.

In turn, article 1264 of the Civil Code indicates that the obligations must fulfilled exactly as they were contracted, and that the debtor is responsible for the damages in case of breach.

Since the issue date of the invoice, time in which the invoice must be considered immediately payable in cash, but by not doing so by **GAZPROM LATIN AMERICA SERVICIOS, C.A.; Tax Identification No. J-30302636-2**, and as it involves commercial debts of payable cash amounts, it must obligatorily be concluded that my client has the right to current market interests (although the market interest is higher, by legal mandate it must be limited to 12% annually) over the amount of the capital balance owed resulting from the invoices, in accordance with article 108 above.

The company **GAZPROM LATIN AMERICA SERVICIOS, C.A.; Tax Identification No. J-30302636-2,** has not complied with its obligations in the form contracted, in accordance with article 124 of the Commercial Code, notwithstanding the multiple steps taken extra-judicially to satisfy this debt; therefore, my client has full right to try to collect judicially, and in particular, as this involves payable cash amounts, supported by the invoice accepted for collection without any protest, to use the **ORDINARY PROCEDURE FOR THE COLLECTION OF BOLIVARES** established in articles 338 et seq of the Civil Procedure Code; which we choose for the processing of this procedure.

<u>THREE</u>

For the reasons indicated above, on behalf of my client, Commercial Corporation **LINDSAY, C.A., indicated above,** I proceed to sue, as I formally do herewith, the Commercial Corporation **GAZPROM LATIN AMERICA SERVICIOS, C.A.; Tax Identification No. J-30302636-2;** Commercial Corporation domiciled in the city of Caracas, originally registered in the Fifth Commercial Registry of the Judicial District of the Capital District and

[initials]

State of Miranda, dated 25 August 2003, under No. 90, Volume 802-A-QTO, file No. 492453, as **COSTNER INDUSTRIES DE VENEZUELA, S.R.L.**, later modifying its Bylaws to convert it into a Stock Corporation, in accordance with the document registered on 28 August 2003, under No. 80, Volume 804-A, and later modifying its name in accordance with the document registered on 30 September 2008, under No. 64, Volume 1903-A in accordance with articles 108, 124 and 147 of the Commercial Code, in concordance with article 1264 of the Civil Code, and articles 338 et seq of the Civil Procedure Code, in order to pay or be punished by this honorable Court, the following amounts of money:

**First:** EIGHT MILLION SEVEN HUNDRED EIGHTY ONE THOUSAND ONE HUNDRED AND NINETY SIX BOLIVARES WITH SEVENTY FIVE CENTS (Bs. 8,781,196.75); for capital owed according to the invoices described in Chapter II hereof.

**Second:** TWO MILLION EIGHT HUNDRED NINE THOUSAND NINE HUNDRED AND EIGHTY TWO BOLIVARES WITH NINETY SIX CENTS (Bs. 2,809,982.96), for compensation interest over the amount of the capital balance of the invoice claimed, calculated since the date of their issue, which is the same as the due date of the respective invoices, up until 7 November 2013, at the rate of 12% annually. These interests are identified in Chapter II hereof.

**Third:** The interests continue to accrue, since 8 November 2013, until the final payment date of the invoice claimed, over its respective amounts and calculated at the same rate of 12% annually, in accordance with article 108 of the Commercial Code.

**Fourth:** Costs and court fees calculated at thirty percent (30%).

**Fifth:** The indexation and monetary correction of the amounts corresponding to the capital of the invoice, since the filing date of this complaint until the final payment date to my client, of the capital claimed and the respective interest. This is based on the progressive decrease in value of the purchasing power of our currency, product of the rampant inflation currently suffered by our country, mainly caused by the fiscal deficit and scare productivity; all

[initials]

based on article 1737 of the Civil Code, which, by interpretation otherwise and extended to all kinds of obligations, has been accepted by national jurisprudence for non-compliance with obligations when the value of the currency has decreased, with the debtor being delinquent, as in this case.

[illegible stamps]

I estimate this claim in the amount of **ELEVEN MILLION FIVE HUNDRED NINETY ONE THOUSAND ONE HUNDRED AND SEVENTY NINE BOLIVARES WITH SEVENTY ONE CENTS (Bs. 11,591,179.71), which is around ON HUNDRED AND EIGHT THOUSAND THREE HUNDRED AND TWENTY EIGHT POINT SEVENTY EIGHT TAX UNITS (108,328.78 U.T.).**

In accordance with Article 585 of the Civil Procedure Code, it can be established that the requirements for the appropriateness of the precautionary measure such as *fomus boni uris*, or presumption of sufficient legal basis, applied to the company that I represent, is derived from the invoice as a fundamental instrument in this lawsuit and the *periculum in mora* is derived from the lateness in the payment of the balance owed on the part of the Defendant, as well as the time that it will take to process this case, I thus request that a preventive measure be decreed in the form of an **EMBARGO,** over the mobile assets or amounts or money belonging to **GAZPROM LATIN AMERICA SERVICIOS, C.A. RIF [Tax I.D. Number]: J-30302636-2;** with principal domicile on Avenida Tamanaco, Centro Empresarial El Rosal, Piso 4, Oficina Gazprom, Urbanización El Rosal, in the city of Caracas, State of Miranda, Commercial Company domiciled in the city of Caracas, originally registered in the Fifth Commercial Registry of the Judicial Circuit of the Capital District and the State of Miranda, on 25 August 2003, under number 90, Volume 802-A-QTO, case file no. 492453, under the name of **COSTNER INDUSTRIES DE VENEZUELA, S.R.L.,** with their Articles of Association subsequently being amended to convert it into a limited liability corporation, according to the document registered on 28 August 2003, under the number 80, Volume 804-A, and subsequently modified its name according to the document registered on 30 September 2008, under the number 64, Volume 1903-A; until covering double the amount owed plus the costs.

**FOURTH**

I request that the SUMMONS of the Company **GAZPROM LATIN AMERICA SERVICIOS C.A. RIF [Tax I.D. Number]: J-30302636-2;** be made to the person of its General Manager who, according to the Articles of Association, is: **JEAN-MARC PIVERT,** who is a

French citizen, of legal age, the holder of National Identification Card No. **E-82.286.778**, at the following address: **Avenida Tamanaco, Centro Empresarial El Rosal, Piso 4, Oficina Gazprom, Urbanización El Rosal, in the city of Caracas, Capital District.**

I hereby indicate the following as the address to be used for all matters pertaining to this trial: Avenida Costanera Centro Comercial Camino Real Piso 2 Oficinas B-68 y 69, of the city of Barcelona, Municipality of Bolivar in the State of Anzoátegui.

Similarly, I also ask that the original invoice which serves as a fundamental piece of evidence in this trial be safeguarded in the lock box of this office, after it has been certified in the case file, for which purpose I am attaching a simple copy of said document.

Lastly, I ask that this lawsuit be admitted and supported by the ordinary procedure selected, and declared to be appropriate with an appropriate allocation of responsibility for court costs.

That is Justice. In the city of Caracas, on the date of its submission:


[signature:]
**RICARDO CASTILLO SERRANO**

BOLIVARIAN REPUBLIC OF VENEZUELA

JUDICIAL BRANCH

TWELFTH COURT OF FIRST INSTANCE ON CIVIL, COMMERCIAL, TRAFFIC AND BANKING MATTERS
OF THE JUDICIAL CIRCUIT OF THE METROPOLITAN AREA OF CARACAS.

Caracas, on this the  _25th_  of  _November_  of 2013
203° and 154°

**CASE:** AP11 – M – 2013 – 000739.

Having considered the above-cited lawsuit which, prior payment of the **COST IN BOLIVARS** and other applicable fees, was filed by the commercial company **LINDSAY, C.A.** registered in the First Commercial Registry of the Judicial Circuit of the State of Anzoátegui, on 9 October 1995, registered under the number 11, volume A-82, and subsequently registered under the Second Commercial Registry of the Judicial Circuit of the State of Anzoátegui, on 10 May 2001, registered under the number 42, volume A-5, with the following subsequent modifications: one of the last ones being the one registered under the Second Commercial Registry on 28 May 2010, under the number 29, volume A-13 RM2DOETG, through its legal representative **RICARDO CASTILLO SERRANO,** an attorney in practice and registered with the Bar Association under the number **88.068,** against the company **GAZPTROM LATIN AMERICA SERVICIOS, C.A.** domiciled in the city of Caracas, originally registered in the Fifth Commercial Registry of the Judicial Circuit of the Capital District and State of Miranda, on 25 August 2003, under the number 90, volume 802-A-QTO, case file no. 492453, as CONSTER INDUSTRIES DE VENEZUELA, S.R.L. subsequently modifying its articles of association to convert it into a limited liability corporation according to the document registered on 30 September 2008, under the number 64, Volume 1909-A, the court, given that said lawsuit is not against the public order, good customs or in violation of any stipulations established by the law, **ACCEPTS** said lawsuit in accordance with the law and the stipulations established in Article 338 and others of the Civil Procedure Code. Consequently, the company **GAZPTROM LATIN AMERICA SERVICIOS, C.A.** is to be summoned, through the person of its General Manager, **JEAN-MARC PIVERT,** a French citizen, of legal age, the holder of National Identification Card No. **E-82.286.778,** so that he may appear

before this Court, within **twenty (20) business days** to be counted from the date on which the notification is made, between the office hours of 8:30 am and 3:30 pm for the purpose of responding to this lawsuit and present the defenses that it may deem appropriate. A copy of this lawsuit is to be added to said summons and then taken to the Office of the Sherrif, where the Secretary of said office will certify the photocopies in accordance with the stipulations established in Article 112 of the Civil Procedure Code. With respect to the request to keep the invoice in the safe of this Court, it is accepted. Consequently, it is hereby ordered to safeguard the original document which is found in folio 14 (fourteen) of this case file and to be kept separately in the Notebook of Measures, which is to be opened to demonstrate to the interested party, and then include a copy of the lawsuit document and this order so that they can form an integral part of the record of said notebook.

IT IS HEREBY ORDERED.

JUDGE,

[Signature Illegible]

DR. BELLA DAYANA SEVILLA JIMENEZ

THE SECRETARY:

ATTY: [Signature Illegible]

BSDJ/JV/ROSSY-09

CASE: AP11-M-2013-000739

The undersigned **Atty.** [hw]: *Jenny Villamizas*, secretary of the Twelfth Court of First Instance in Civil, Commercial, Transit and Banking Matters of the Judicial District of the Metropolitan Area of Caracas, ***CERTIFIES***: That the preceding photocopies are a true and exact copy of their originals which are recorded in this file with **No. AP11-M-2013-000739**, of the internal nomenclature of this Judicial Circuit containing the proceeding for the **COLLECTION OF BOLIVARES** filed by the commercial corporation **LINDSAY, C.A.,** against the commercial corporation **BAZPTROM LATIN AMERICA SERVICIOS, C.A.** In Caracas on [hw]: *16 December* 2013. Years: 203 and 154.-

**THE SECRETARY,**

[signature] [illegible stamp]

Atty.

**BOLIVARIAN REPUBLIC OF VENEZUELA**

**TWELFTH COURT OF FIRST INSTANCE IN CIVIL, COMMERCIAL, TRANSIT AND BANKING MATTERS OF THE JUDICIAL DISTRICT OF THE METROPOLITAN AREA OF CARACAS.**

In Caracas on [hw]: *16 December* 2013.-

Years 203 and 154

**SUMMONS**

**IT IS HEREBY INFORMED**

To **GAZPTROM LATIN AMERICA SERVICIOS, C.A.,** domiciled in the city of Caracas, originally registered in the Fifth Commercial Registry of the Judicial District of the Capital District and State of Miranda, dated 25 August 2003, under No. 90, Volume 802-A-QTO, file No. 492453, as COSTNER INDUSTRIES DE VENEZUELA, S.R.L., later modifying its Bylaws to convert it into a Stock Corporation, in accordance with the document registered on 30 September 2008, under No. 64, Volume 1909-A in [illegible] its General  Manager **JEAN-MARC PIVERT**, of French nationality, of legal age, holder of identification card No. **E-82.286.778**, which must [illegible] before this Court, located at Centro Simón Bolívar, 3rd floor, North [illegible: Tower?], El Silencio, in the hours between 8:30 a.m. and 3:30 p.m. [illegible] the **TWENTY (20) DAYS OF DISPATCH** following the date in which [illegible] the documents of the last of the summons made, so that in said [illegible]respond to the claim which for the **COLLECTION OF BOLIVARES** continues

against it [by] the commercial corporation **LINDSAY, C.A.,** which is in the file under No. **AP11-M-2013-000739,** of the internal nomenclature of this Judicial Circuit.

**To be signed by the Court Official, indicated the location and date.**

                **THE JUDGE,**

                [illegible signature and stamp]

                **DR. BELLA DAYANA SEVILLA JIMENEZ.-**

**Address:** Avenida Tamanaco, Centro Empresarial El Rosal, 4th Floor, Office Ga[illegible]prom, Urbanization El Rosal, of the city of Caracas, Capital District.

R[illegible]SSY-09.-

Subject: AP11-M-2013-000739.-

CIUDADANO:

JUEZ DE PRIMERA INSTANCIA EN LO CIVIL, MERCANTIL Y DEL TRANSITO DE LA CIRCUNSCRIPCIÓN JUDICIAL DEL AREA METROPOLITANA DE CARACAS. (A quien le corresponda por distribución). SU DESPACHO.-

Yo, RICARDO CASTILLO SERRANO, venezolano, mayor de edad, domiciliado en la ciudad de Barcelona Municipio Bolívar del Estado Anzoátegui y aquí de transito, titular de la cédula de identidad No. V-12.677.924, e inscrito en el Instituto de Previsión Social del Abogado bajo el No. 88.068; actuando en este acto en mi carácter de Apoderado Judicial de la Sociedad Mercantil LINDSAY, C.A., inscrita en el Registro de Información Fiscal (R.I.F.) J-30302636-2, debidamente inscrita por ante el Registro Mercantil Primero de la Circunscripción Judicial del Estado Anzoátegui, en fecha 09 de Octubre de 1995, inserta bajo el No. 11, Tomo A-82, inscrita posteriormente por ante el Registro Mercantil Segundo de la Circunscripción Judicial del Estado Anzoátegui, en fecha 10 de Mayo de 2.001, inserto bajo el No. 42, Tomo A-5, con posteriores modificaciones siendo una de las ultimas la debidamente inscrita por ante el mismo Registro Mercantil Segundo, en fecha 28 de Mayo de 2.010, inserta bajo el No. 29, Tomo A-13 RM2DOETG; carácter el mío que se desprende de documento de sustitución poder debidamente otorgado por ante la Notaria Publica Segunda de la ciudad de Barcelona, del Estado Anzoátegui, en fecha 25 de Septiembre de 2.012, quedando anotado bajo el No. 019, Tomo 078 de los libros de autenticación que a tales efectos lleva dicha Notaria, que anexo al presente libelo marcado "A" en copia fotostática previa de vista de su original y certificación por la Secretaria de este digno tribunal, ante Ud. con el debido respeto ocurro para exponer:

### PRIMERO

Mi representada Sociedad Mercantil LINDSAY, C.A., inscrita en el Registro de Información Fiscal (R.I.F.) J-30302636-2, con domicilio principal en la Avenida de Enlace C/C Calle 2, parcela E-11, Edificio Lindsay, Zona Industrial, El Tigre Municipio Simón Rodríguez del Estado Anzoátegui; es portadora y titular de

www.castilloserrano.com
Caracas: Av. Costanera, C.C. Caraño Real, Ofic. BL-68 y 69, Nueva Barcelona, Anzoátegui, Venezuela.Tlfs: 58-281-266.91.27 / 93.51  Fax: 266.99.23
e-mail: info@castilloserrano.com



la factura que emitió a la Sociedad Mercantil GAZPROM LATIN AMERICA SERVICIOS, C.A.; Sociedad Mercantil domiciliada en la ciudad de Caracas, originalmente inscrita en el Registro Mercantil Quinto de la Circunscripción Judicial del Distrito Capital y Estado Miranda, en fecha 25 de Agosto de 2.003, bajo el No. 90, Tomo 802-A-QTO, expediente No. 492453, como COSTNER INDUSTRIES DE VENEZUELA, S.R.L., posteriormente modificados sus Estatutos Sociales para convertirla en Compañía Anónima, conforme a documento registrado en fecha 28 de Agosto de 2.003, bajo el No. 80, Tomo 804-A, y posteriormente modificada su denominación conforme al documento registrado en fecha 30 de Septiembre de 2.008, bajo el No. 64, Tomo 1903-A; en fecha 04 de Marzo de 2.011, la factura No. 011904, por la cantidad de VEINTIDOS MILLONES CIENTO DOS MIL CUATROCIENTOS SESENTA Y NUEVE BOLIVARES CON SETENTA Y CINCO CENTIMOS (Bs. 22.102.469,75); la cual fue debidamente recibida y aceptada por la empresa GAZPROM LATIN AMERICA SERVICIOS, C.A.; de la cual se le realizo a mi representada tres (03) abonos por parte de la demandada, en fechas 11 de Marzo de 2.011, por la cantidad de CUATRO MILLONES CIENTO VEINTIUN MIL DOSCIENTOS SETENTA Y TRES BOLIVARES CON OCHENTA Y CINCO CENTIMOS (Bs. 4.121.273,85), el 23 de Marzo de 2.011, por la cantidad de CUATRO MILLONES DOSCIENTOS MIL BOLIVARES (Bs. 4.200.000,oo), el 17 de Marzo de 2.011, por la cantidad de CINCO MILLONES BOLIVARES (Bs. 5.000.000,oo), factura y constancia de transferencias bancarias que anexo marcados "B, B-1, B-2, y B-3". Dicha factura derivo de un contrato de servicios denominado JUSEPIN 120 – CONTRATO DE PROCURA, INSTALACION Y CONSTRUCCION DEL INCREMENTO DE LA CAPACIDAD DEL MANEJO DE GAS EN EL CAMPO JUSEPIN (EP-JUS-2) DISTRITO FURRIAL, MATURIN ESTADO MONAGAS, el cual fue ejecutado por mi representada en su totalidad y a satisfaccion de la empresa demanda, tal y como se desprende de acta de entrega mecanica de fecha 15 de Septiembre, acta de recepcion provicional de la obra y/o servicio, de fecha 13 de Junio de 2011, e informe de gestion Jusepin 120, documentales antes mencionadas que acompaño al presente libelo marcadas "C (legajo constante de 35 folios), C-1, C-2 y C-3 (legajo constante de 11 folios)".

Es el caso ciudadano Juez que en fecha 13 de Junio de 2.011; mi representada procedió a realizar el cobro del saldo restante de la factura emitida en fecha 04 de



Marzo de 2.011, signada con el No. 011904, la cual fue debidamente recibida y aceptada para su cobro por la empresa GAZPROM LATIN AMERICA SERVICIOS, C.A.; precio faltante por pagar, que se describe a continuación:

1-) Factura No. 011904, de fecha 04 de Marzo de 2.011, que importa la cantidad de VEINTIDOS MILLONES CIENTO DOS MIL CUATROCIENTOS SESENTA Y NUEVE BOLIVARES CON SETENTA Y CINCO CENTIMOS (Bs. 22.102.469,75), por concepto de codigo 10229 SERVICIO DE COMPLEMENTACION DE MOVILIZACION E INSTALACION DE OBRAS PROVICIONALES, REPLANTEO GENERAL, EXCAVACION Y RELLENO DEL HITO 1.1, TRANSPORTE E INSTALACION DE 04 COMPRESORES QUE CORRESPONDE AL HITO 1.2, ENSAMBLAJE DE 04 COMPRESORES QUE CORRESPONDE AL HITO 1.3, COMPLETACION DE SISTEMAS MECANICOS, ELECTRICOS E INSTRUMENTOS Y CONTROL EL HITO 1.4, CONSTRUCCION DE SALA DE CONTROL PRUEBAS DE LAZOS QUE CORRESPONDE AL HITO 1.5, ESTRUCTURALES METALICAS QUE CORRESPONDE AL HITO 1.6, DESMOVILIZACION Y ASEGURAMIENTO DE LA CALIDAD QUE CORRESPONDE AL HITO 1.7, CON UN TOTAL ACUMULADO DEL 100%, DE TRABAJOS EN JUSEPIN 120 CONTRATO DE PROCURA, INSTALACION Y CONSTRUCCION DEL INCREMENTO DE LA CAPACIDAD DEL MANEJO DE GAS SEGÚN ANEXO VALUACION Nro. 1070440 JUSEIN 120, de la cual mi representada recibió tres (03) abonos que ascienden a la cantidad de TRECE MILLONES TRESCIENTOS VEINTIUN MIL DOSCIENTOS SETENTA Y TRES BOLIVARES (Bs. 13.321.273,oo), tal y como se describio anteriormente.

Factura No. 011904, que consigno en su original marcada "B", que luego de deducir las cantidades abonadas a cuenta de la factura antes descrita, la cual se demanda su cobro, arroja un saldo deudor por parte de la empresa demandada por la cantidad de OCHO MILLONES SETECIENTOS OCHENTA Y UN MIL CIENTO NOVENTA Y SEIS BOLIVARES CON SETENTA Y CINCO CENTIMOS (Bs. 8.781.196,75); la cual se ha negado rotundamente la empresa accionada Sociedad Mercantil GAZPROM LATIN AMERICA SERVICIOS, C.A.; pagar a mi representada, factura no pagada, debidamente firmada y aceptada por la hoy demandada, consignada como documento fundamental marcada "B"; que demuestra la relación comercial, y el incumplimiento en el pago total del importe de dicha factura.



En consecuencia, la suma de dinero restante expresada en la factura antes mencionada, ha generado intereses corrientes en el mercado (12% anual), desde su respectiva fecha de emisión, 04 de Marzo de 2011, calculada hasta el día 07 de Noviembre de 2.013, inclusive, de la siguiente forma:

Factura No. 011904, de fecha 04 de Marzo de 2011 al 07 de Noviembre de 2013, cantidad adeuda restante de dicha factura, es decir OCHO MILLONES SETECIENTOS OCHENTA Y UN MIL CIENTO NOVENTA Y SEIS BOLIVARES CON SETENTA Y CINCO CENTIMOS (Bs. 8.781.196,75); han transcurridos treinta y dos (32) meses, al uno por ciento (1%) mensual, que sería lo mismo al doce por ciento (12%) anual, ha generado la cantidad de DOS MILLONES OCHOCIENTOS NUEVE MIL NOVECIENTOS OCHENTA Y DOS BOLIVARES CON NOVENTA Y SEIS CENTIMOS (Bs. 2.809.982,96).

Muchas han sido las gestiones que en forma personal y verbal ha efectuado mi representada, a los fines de que le fuera pagada el restante del saldo de la factura adeudada, sin que haya sido satisfecho con el pago, ni en lo que respecta al capital, y mucho menos a los intereses correspondientes que se han generado por la falta de pago oportuna en que ha incurrido la Sociedad Mercantil GAZPROM LATIN AMERICA SERVICIOS, C.A.; Rif. No.: J-30302636-2, obligación dineraria de la empresa accionada la cual tiene derecho a cobrar mi representada a la tasa corriente en el mercado, tal como lo estipula el artículo 108 del Código de Comercio, toda vez que se trata de deudas mercantiles de sumas líquidas y exigibles.

SEGUNDO

Dispone el artículo 124 del Código de Comercio, que las obligaciones mercantiles se prueban, entre otros medios, con la factura aceptada. Se ha anexado en su original asignada con la letra "B", la factura aceptada por la empresa demandada GAZPROM LATIN AMERICA SERVICIOS, C.A.; Rif. No.: J-30302636-2, que evidencian y demuestran la obligación dineraria, que tiene esta última de pagar a mi representada el saldo de la suma de dinero líquidas y exigibles especificada anteriormente.



El artículo 147 del Código de Comercio establece que si dentro de los ocho (8) días al recibo de la mercancía, el comprador no reclama el contenido de la factura, la misma se entiende aceptada en forma irrevocable. De igual manera, el artículo 108 del mismo Código estipula que las deudas mercantiles de sumas de dinero líquidas y exigibles, devengan de pleno derecho el interés corriente en el mercado, siempre que éste no exceda del 12 % anual.

Por su parte, el Código Civil en su artículo 1.264, señala que las obligaciones deben cumplirse exactamente como han sido contraídas, y que el deudor es responsable de los daños y perjuicios en caso de contravención.

Desde la fecha de emisión de la factura, momento en el cual debe ser considerada la factura pagadera de inmediato y de contado, pero al no hacerlo GAZPROM LATIN AMERICA SERVICIOS, C.A.; Rif. No.: J-30302636-2, y tratándose de deudas mercantiles de sumas de dinero líquidas y exigibles, hay que concluir forzosamente que mi representada tiene derecho a los intereses corrientes en el mercado (aunque el interés del mercado es superior, por mandamiento legal debe limitarse al 12 % anual) sobre el monto del saldo capital adeudado derivado de las facturas, conforme al artículo 108 antes referido.

La empresa GAZPROM LATIN AMERICA SERVICIOS, C.A.; Rif. No.: J-30302636-2, no ha cumplido con sus obligaciones en la forma en que la contrajo, conforme al artículo 124 del Código de Comercio, no obstante las múltiples gestiones que en forma extrajudicial se han efectuado para lograr satisfacer esa acreencia; por tanto, tiene mi representada el pleno derecho para intentar su cobro por vía judicial, y en especial, tratándose de sumas de dinero líquidas y exigibles, soportada en factura aceptada al cobro sin protesto alguno, utilizar la vía del PROCEDIMIENTO ORDINARIO DE COBRO DE BOLIVARES previsto en los artículos 338 y siguientes del Código de Procedimiento Civil; el cual elegimos para la tramitación de este proceso.

## TERCERO

Por las razones anteriormente expuestas, en nombre de mi representada Sociedad Mercantil LINDSAY, C.A., antes identificada, es que procedo a demandar, como en efecto formalmente lo hago, a la Sociedad Mercantil GAZPROM LATIN AMERICA SERVICIOS, C.A., Rif. No.: J-30302636-2; Sociedad Mercantil domiciliada en la ciudad de Caracas, originalmente inscrita en el Registro Mercantil Quinto de la Circunscripción Judicial del Distrito Capital y

Estado Miranda, en fecha 25 de Agosto de 2.003, bajo el No. 90, Tomo 802-A-QTO, expediente No. 492453, como **COSTNER INDUSTRIES DE VENEZUELA, S.R.L.**, posteriormente modificados sus Estatutos Sociales para convertirla en Compañía Anónima, conforme a documento registrado en fecha 28 de Agosto de 2.003, bajo el No. 80, Tomo 804-A, y posteriormente modificada su denominación conforme al documento registrado en fecha 30 de Septiembre de 2.008, bajo el No. 64, Tomo 1903-A. de conformidad con los artículos 108, 124 y 147 del Código de Comercio, en concordancia con el artículo 1.264 del Código Civil, y los artículos 338 y siguiente del Código de Procedimiento Civil, para que pague o sea condenada por este honorable Tribunal, las siguientes cantidades de dinero:

**Primero:** OCHO MILLONES SETECIENTOS OCHENTA Y UN MIL CIENTO NOVENTA Y SEIS BOLIVARES CON SETENTA Y CINCO CENTIMOS (Bs. 8.781.196,75)  por concepto de capital adeudado según las facturas que se describen en el Capitulo II del presente libelo.

**Segundo:** *DOS MILLONES OCHOCIENTOS NUEVE MIL NOVECIENTOS OCHENTA Y DOS BOLIVARES CON NOVENTA Y SEIS CENTIMOS* (Bs. 2.809.982,96), por concepto de intereses retributivos sobre el monto del saldo  del capital de la factura demandada, calculados desde la fecha de su emisión, que es la misma del vencimiento de las respectivas facturas, hasta el 07 de Noviembre de 2013, inclusive, a la tasa del 12% anual; intereses estos que se discriminan en el Capitulo II del presente libelo.

**Tercero:**  Los intereses que se sigan causando, desde el día 08 de Noviembre de 2013, inclusive, hasta el día definitivo del pago del saldo de la factura demandada, sobre sus respectivos montos y calculados a la misma tasa del 12% anual, de conformidad con el artículo 108 de Código de Comercio.

**Cuarto:** Las costas y costos procésales calculadas en un treinta por ciento (30%).

**Quinto:** La indexación y corrección monetaria sobre los montos correspondientes a capital de la factura, desde la fecha de presentación de esta demanda hasta el día de pago definitivo a mi representada, del capital demandado y sus respectivos intereses. Fundamento este particular por el envilecimiento progresivo en el poder adquisitivo de nuestro signo monetario, producto del galopante proceso inflacionario que en los últimos años ha padecido nuestro país, ocasionando principalmente por el déficit fiscal y la escasa productividad; todo con

fundamento en el artículo 1.737 del Código Civil, el cual, por interpretación al contrario y extendido a todo tipo de obligación, lo ha aceptado la jurisprudencia patria para el caso del incumplimiento de las obligaciones cuando el valor de la moneda haya disminuido, estando en mora el deudor, como en este caso.

Estimo la presente demanda en la cantidad de **ONCE MILLONES QUINIENTOS NOVENTA Y UN MIL CIENTO SETENTA Y NUEVE BOLIVARES CON SETENTA Y UN CENTIMOS (Bs. 11.591.179,71),** lo cual se traduce en **CIENTO OCHO MIL TRESCIETAS VEINTIOCHO PUNTO SETENTA Y OCHO UNIDADES TRIBUTARIAS (108.328,78 U.T.).**

De conformidad con el artículo 585 del Código de Procedimiento Civil, se desprende que los requisitos para la procedencia de la medida cautelar como el fomus boni iuris o apariencia del buen derecho que le asiste a mi representada se desprende de la factura como instrumento fundamental de la presente demanda y el periculum in mora se desprende de la tardanza en el pago del saldo adeudado por parte de la demandada así como el tiempo que transcurrirá en la tramitación de la presente causa, pido se decrete medida preventiva de **EMBARGO,** sobre bienes muebles o cantidades de dinero propiedad de **GAZPROM LATIN AMERICA SERVICIOS, C.A., Rif. No.: J-30302636-2;** con domicilio principal en la Avenida Tamanaco, Centro Empresarial El Rosal, Piso 4, Oficina Gazprom, Urbanización El Rosal, de la ciudad de Caracas, Estado Miranda; Sociedad Mercantil domiciliada en la ciudad de Caracas, originalmente inscrita en el Registro Mercantil Quinto de la Circunscripción Judicial del Distrito Capital y Estado Miranda, en fecha 25 de Agosto de 2.003, bajo el No. 90, Tomo 802-A-QTO, expediente No. 492453, como **COSTNER INDUSTRIES DE VENEZUELA, S.R.L.,** posteriormente modificados sus Estatutos Sociales para convertirla en Compañía Anónima, conforme a documento registrado en fecha 28 de Agosto de 2.003, bajo el No. 80, Tomo 804-A, y posteriormente modificada su denominación conforme al documento registrado en fecha 30 de Septiembre de 2.008, bajo el No. 64, Tomo 1903-A; hasta cubrir el doble del monto adeudado más las costas.

## CUARTO

Pido que la **CITACION** de la Sociedad Mercantil **GAZPROM LATIN AMERICA SERVICIOS, C.A., Rif. No.: J-30302636-2;** se haga en su Gerente General según los Estatutos Sociales ciudadano: **JEAN-MARC PIVERT,** de



nacionalidad francesa, mayor de edad, titular de la cédula de identidad No. E-82.286.778, en la siguiente dirección: <u>Avenida Tamanaco, Centro Empresarial El Rosal, Piso 4, Oficina Gazprom, Urbanización El Rosal, de la ciudad de Caracas Distrito Capital.</u>

Señalo como domicilio Procesal para todos los efectos de este juicio, el siguiente: Avenida Costanera Centro Comercial Camino Real piso 2 oficinas B-68 y 69 de la ciudad de Barcelona Municipio Bolivar del Estado Anzoategui.

Asimismo pido que el original de la factura que sirve de instrumento fundamental de la presente demanda, sea resguardada en la caja fuerte de ese despacho, previa su certificacion en autos, para lo cual acompaño copia simple del refererido instrumento.

Por último, solicito que esta demanda sea admitida, sustanciada por el procedimiento ordinario elegido, y declarada con lugar con expresa condenatoria en costas.

Es Justicia. En la ciudad de Caracas, a la fecha de su presentación.-

RICARDO CASTILLO SERRANO

REPÚBLICA BOLIVARIANA DE VENEZUELA



PODER JUDICIAL

JUZGADO DUODÉCIMO DE PRIMERA INSTANCIA EN LO CIVIL, MERCANTIL, TRÁNSITO Y BANCARIO DE LA CIRCUNSCRIPCIÓN JUDICIAL DEL ÁREA METROPOLITANA DE CARACAS.

Caracas, _25_ de _Noviembre_ de 2013
203º y 154º

**ASUNTO:** AP11-M-2013-000739.

Vista la anterior demanda que por **COBRO DE BOLÍVARES** y los recaudos que la acompañan presentada por la sociedad mercantil **LINDSAY, C.A.**, inscrita por ante el Registro Mercantil Primero de la Circunscripción Judicial del Estado Anzoátegui, en fecha 09 de octubre de 1995, inserta bajo el Nº 11, Tomo A-82, inscrita posteriormente por ante el Registro Mercantil Segundo de la Circunscripción Judicial del Estado Anzoátegui, en fecha 10 de mayo de 2001, inserto bajo el Nº 42, tomo A-5, con posteriores modificaciones siendo una de las últimas la debidamente inscrita por ante el mismo Registro Mercantil Segundo, en fecha 28 de mayo de 2010, inserta bajo el Nº 29, tomo A-13 RM2DOETG, a través de su apoderado Judicial, ciudadano **RICARDO CASTILLO SERRANO**, abogado en ejercicio e inscrito en el Inpreabogado bajo el Nº **88.068**, contra la sociedad mercantil **GAZPTROM LATIN AMERICA SERVICIOS, C.A.**, domiciliada en la ciudad de Caracas, originalmente inscrita en el Registro Mercantil Quinto de la Circunscripción Judicial del Distrito Capital y Estado Miranda, en fecha 25 de agosto de 2003, bajo el Nº 90, tomo 802-A-QTO, expediente Nº 492453, como **CONSTER INDUSTRIES DE VENEZUELA, S.RL.**, posteriormente modificados sus Estatutos Sociales para convertirla en Compañía Anónima, conforme a documento registrado en fecha 30 de septiembre de 2008, bajo el Nº 64, tomo 1909-A, el Tribunal, por no ser la misma contraria al orden público, a las buenas costumbres ni a ninguna disposición expresa en la Ley la **ADMITE**, cuanto ha lugar en derecho, de conformidad con lo establecido en el artículo 338 y siguientes del Código de Procedimiento Civil. En consecuencia, emplácese a la sociedad mercantil **GAZPTROM LATIN AMERICA SERVICIOS, C.A.**, en la persona de su Gerente General **JEAN-MARC PIVERT**, de nacionalidad francesa, mayor de edad, titular de la cédula de identidad Nº E-82.286.778, para que comparezcan por ante éste

Capital, dentro de los Veinte (20) días de Despacho siguientes a la constancia en autos de su citación, en las horas de Despacho comprendidas entre las 8:30 a.m. y 3:30 p.m., a fin de que de contestación a la demanda u oponga las defensas que crea pertinentes. Compúlsese el libelo de la demanda junto con el presente auto y orden de comparecencia al pie, y remítase a la Coordinación de Alguacilazgo. Dichos fotostatos los certificará la secretaría de este, de conformidad con lo previsto en el artículo 112 del Código de Procedimiento Civil. En cuanto a la solicitud de que se resguarde en la caja fuerte del Tribunal el original de la factura que sirve como instrumento fundamental de la presente demanda, este Juzgado lo acuerda. En consecuencia, ordenada desglosar el documento original que corre inserto al folio catorce (14) del presente expediente, a los fines de su resguardo en la caja fuerte del Tribunal. Asimismo, respecto a la medida solicitada, se proveerá lo conducente por auto separado en Cuaderno de Medidas, el cual se ordena abrir, y se insta a la parte interesada, a consignar copias fotostáticas del escrito libelar y del presente auto, a fin de que formen parte integrante del referido cuaderno. Líbrese Compulsa.

LA JUEZ,

DRA. BELLA DAYANA SEVILLA JIMENEZ

LA SECRETARIA

ABG.

BSDJ/JV/ROSSY-03.
ASUNTO: AP11-M-2013-000739.

Quien suscribe ABG. _Lorem llleaque_ secretaria, del Juzg. Duodécimo de Primera Instancia en lo Civil Mercantil, Tránsito y Bancario de la Circunscripción Judicial del Área Metropolitana de Caracas, **_CERTIFICA:_** Que las copis fotostáticas que anteceden son traslado fiel y exacto de sus originales las cuals cursan en el presente expediente signado con el Nº **AP11-M-2013-000739**, de nomenclatura interna de este Circuito Judicial contentivo del juicio que por **COBRO DE BOLIVARES** sigue la sociedad mercantil **LINDSAY, C.A.**, contra la sociedad mercantil **GAZPTROM LATIN AMERICA SERVICIOS, C.A.** En Caracas a los _16_ de _Diciembre_ de 2013.- Años: 203 y 154.-

LA SECRETARIA,

ABG.-

REPUBLICA BOLIVARIANA DE VENEZUELA
JUZGADO DUODÉCIMO DE PRIMERA INSTANCIA EN LO CIVIL,
RCANTIL, TRANSITO y BANCARIO DE LA CIRCUNSCRIPCIÓN JUDICIAL
DEL ÁREA METROPOLITANA DE CARACAS.

Caracas, _16_ de _Diciembre_ de 2013.-
Años 203° y 154°

BOLETA DE CITACION
SE HACE SABER

A la **GAZPTROM LATIN AMERICA SERVICIOS, C.A.**, domiciliada en la cil de Caracas, originalmente inscrita en el Registro Mercantil Quinto de la Ciscripción Judicial del Distrito Capital y Estado Miranda, en fecha 25 de a[  ]de 2003, bajo el Nº 90, tomo 802-A-QTO, expediente Nº 492453, como CER INDUSTRIES DE VENEZUELA, S.RL., posteriormente modificados sus Eos Sociales para convertirla en Compañía Anónima, conforme a documento rado en fecha 30 de septiembre de 2008, bajo el Nº 64, tomo 1909-A, en la p[  ]a de su Gerente General **JEAN-MARC PIVERT**, de nacionalidad francesa, nde edad, titular de la cédula de identidad Nº **E-82.286.778**, que deberá cecer por ante este Tribunal, ubicado en el Centro Simón Bolívar, Piso 3, Torte, El Silencio, en el horario comprendido entre las 8:30 a.m. y 3:30 p.m., dde los **VEINTE (20) DÍAS DE DESPACHO** siguientes a la fecha en que en autos la última de las citaciones que se haga, a fin de que en dicha idad de contestación a la demanda que por **COBRO DE BOLIVARES** sigue

en su contra la sociedad mercantil **LINDSAY, C.A.**, el cual se sustancia en el expediente signado bajo el Nº **AP11-M-2013-000739**, de la nomenclatura interna de este Circuito Judicial.

Firmara recibo al Alguacil del Tribunal, indicando lugar y fecha.

LA JUEZ,

DRA. BELLA DAYANA SEVILLA JIMENEZ.-

**Diección:** Avenida Tamanaco, Centro Empresarial El Rosal, Piso 4, Oficina Gaprom, Urbanización El Rosal, de la ciudad de Caracas Distrito Capital.

R$SY-09.-
Asnto: AP11-M-2013-000739.-



715 S.W. 73RD AVENUE
MIAMI, FLORIDA 33144
**TEL** 305 373•7874 **FAX** 381•7874
**TOLL FREE:** 1 (888) 304•7874
**E-MAIL:** info@pretran.com

**Certificate of Accuracy**



State of Florida)
County of Miami-Dade)

**Vicente de la Vega**, certified by the Administrative Office of the United States Court and by the Court Interpreters Certification Board of the State of Florida, swears, deposes and states that the attached translation has been performed by a translator fully qualified to translate in the **SPANISH** and **ENGLISH** languages, as engaged to this effect by and on behalf of Precision Translating Services, Inc.

Sworn to and subscribed before me this Thursday, May 8, 2014 by **Vicente de la Vega**, who is personally known to me.

Vicente de la Vega

My commission expires:



ALICIA A. MUINA
MY COMMISSION # EE 056220
EXPIRES: May 18, 2015
Bonded Thru Notary Public Underwriters

Notary Public State of Florida at Large

**The utmost care has been taken to ensure the accuracy of all translations. Precision Translating Services, Inc. and its employees shall not be liable for any damages due to its own negligence or errors in typing or translation, nor shall it be liable for the negligence of third parties.**

BRYCAV-JM_140507.05_2 OF 5