**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| APPLICATION OF GAZPROM LATIN | § | |
| AMERICA SERVICIOS, C.A., | § | MISC. ACTION  NO. 4:14-mc-1186 |
| | § | |
| Applicant. | § | |
| | § | |

**GAZPROM LATIN AMERICA SERVICIOS, C.A.'S SECOND MOTION**
**TO COMPEL, FOR CONTEMPT, AND FOR SANCTIONS**

Gazprom Latin America Servicios, C.A. ("*Gazprom*"), pursuant to Rule 37 of the Federal Rules of Civil Procedure, respectfully requests that this Court issue an Order: to compel respondent Jean-Marc Pivert ("*Mr. Pivert*") to appear for videotaped deposition within thirty (30) days of the date of entry of a Court Order; to find Mr. Pivert in contempt of Court; and to impose sanctions on Mr. Pivert, for failure to comply with the Court's Order, and states:

## I.    BACKGROUND AND INTRODUCTION

On May 9, 2014, Gazprom filed an Application for Assistance Pursuant to 28 U.S.C. § 1782 ("*Application*"), seeking, in part, to compel personal testimony and production of documents from Mr. Pivert.  The purpose of Gazprom's discovery request is to assist the Twelfth Court of First Instance in Civil, Commercial, Transit and Banking Matters for the Judicial District of the Metropolitan Area of Caracas, Venezuela in evaluating a pending dispute, prospective claims to be filed against Mr. Pivert in multiple for a, and an ancillary seizure case, in part, related to payment of an invoice in connection with a service contract for the construction and installation of a natural gas compression plant in Venezuela, and an underlying fraudulent scheme that Mr. Pivert engineered that bilked Gazprom out of millions of dollars.

On May 19, 2014, this Court granted Gazprom's Application, and issued an Order Granting Request for Assistance Pursuant to 28 U.S.C. § 1782 ("*May 19, 2014 Order*"), which, directed, in pertinent part, that "[w]ithin thirty (30) days of the date of this Order, Jean-Marc Pivert shall appear for a videotaped deposition with respect to the subject matter of the dispute identified in Exhibits A through E to the Application for Assistance filed in this matter." (May 19, 2014 Order, Doc. 7, at ¶ 1).

The May 19, 2014 Order was communicated to Mr. Pivert by e-mail and by Federal Express. (*See*, e-mail to Mr. Pivert dated May 21, 2014, attached hereto as **Exhibit A**; *see also* letter to Mr. Pivert dated May 21, 2014, attached hereto as **Exhibit B**). Additionally, on June 10, 2014, counsel for Gazprom sent correspondence to Mr. Pivert regarding scheduling the Court-Ordered deposition. (*See*, letter to Mr. Pivert dated June 10, 2014, attached hereto as **Exhibit C**). On June 16, 2014, a notice of deposition, which noticed Mr. Pivert's deposition for June 25, 2014, was served via hand delivery on Mr. Pivert. (*See*, Notice of Deposition of Jean-Marc Pivert, attached hereto as **Exhibit D**).

Despite the Court's clear directive, and despite the multiple notices given by e-mail, Federal Express and hand delivery, Mr. Pivert failed to appear for his Court-ordered and duly noticed deposition. (*See*, Certificate of Non-Attendance for the Oral and Videotaped Deposition of Jean-Marc Pivert, attached hereto as **Exhibit E**).

On June 20, 2014 Gazprom filed and served a motion to compel, for contempt, and for the imposition of sanctions directed at Mr. Pivert. That paper now has been referred to the Honorable Magistrate Judge Frances H. Stacy. This referral too has been communicated to Mr. Pivert to no avail. The single ground precipitating the filing of that paper was Mr. Pivert's

absolute *non-responsiveness* to this Court's May 19, 2014 Order with respect to the production of documents. Mr. Pivert's impervious conduct should not be countenanced.

Accordingly, for the reasons here detailed, Gazprom requests that the Court issue an Order: (1) compelling Mr. Pivert to appear for videotaped deposition within thirty (30) days of entry of a Court Order; (2) finding Mr. Pivert in contempt of Court for failing to comply with the Court's May 19, 2014 Order; and (3) imposing sanctions on Mr. Pivert by awarding Gazprom the expenses it incurred in the June 25, 2014 deposition, and in preparing and presenting this Motion, including attorney fees.

## II.    ARGUMENT AND CITATION OF AUTHORITY

### A.    The Court Should Compel Mr. Pivert to Comply with the May 19, 2014 Order to Appear for Videotaped Deposition.

FED. R. CIV. P. 37(a)(3)(C) authorizes a party to move for an order compelling discovery "[r]elated to a deposition." FED. R. CIV. P. 37(a)(3)(C). As described above, Gazprom sought, and the Court granted, an Order requiring Mr. Pivert to appear for a videotaped deposition, in accordance with FED. R. CIV. P. 30. Mr. Pivert has failed to comply with the Court's Order. Accordingly, Gazprom asks the Court to compel Mr. Pivert to appear for a videotaped deposition within thirty (30) days of the date of a Court Order.

FED. R. CIV. P. 37(a)(5)(A) dictates that if Gazprom's Motion is granted, or if requested discovery is provided after the filing of this Motion, "the court must, after giving opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). The Rule goes on to state that the court "must not order this payment if: (i) the movant filed the motion before attempting in

good faith to obtain . . . the discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

In this case, none of the three exceptions applies. Counsel for Gazprom has attempted, in good faith, to obtain the discovery without court action. Specifically, Gazprom's counsel contacted Mr. Pivert by e-mail and by letter sent via Federal Express on May 21, 2014 and again on June 10, 2014. (*See*, Exhibits A, B and C). Gazprom's counsel also served Mr. Pivert with a notice of deposition on June 16, 2014, via hand delivery. (*See*, Exhibit D). To date, Mr. Pivert has not replied to any of this correspondence, and Mr. Pivert has offered no objection or justification—substantial or otherwise—for his failure to comply with the May 19, 2014 Order. Lastly, Gazprom is not aware of any circumstances that would make an award of attorney fees unjust. Thus if the Court grants this Motion to Compel, and/or if Mr. Pivert submits to deposition after the filing of this Motion, Gazprom asks that the Court award Gazprom the attorney fees incurred in bringing and prosecuting this Motion, as well as the expenses associated with the June 25, 2014 deposition. *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1031-32 (5th Cir. 1990) (affirming award of attorney's fees incurred in connection with motion to compel, pursuant to FED. R. CIV. P. 37(a), where opposing party failed to provide discovery).

**B.    The Court Should Find Mr. Pivert in Contempt for Failure to Obey the May 19, 2014 Order.**

FED. R. CIV. P. 37(b)(2)(A)(vii) authorizes the Court to treat "as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." FED. R. CIV. P. 37(b)(2)(A)(vii). In addition to the powers described by the Federal Rules, the Court has the inherent power to cause Mr. Pivert and his counsel to comply with the Court's lawful orders through civil contempt. *See*, *e.g.*, *Chambers v. NASCO*, 501 U.S. 32, 44 (1991). The

basic rule is that "all orders and judgments of courts must be complied with promptly." *Jim Walter Res., Inc., v. Int'l Union, United Mine Workers of America*, 609 F.2d 165, 168 (5th Cir. 1980) (quoting *Maness v. Meyers*, 419 U.S. 449, 458 (1975)).  "In civil contempt proceedings the question is not one of intent but whether the alleged contemnors have complied with the court's order.  *Id.*

In this case, Mr. Pivert has failed to obey the May 19, 2014 Court Order to appear for videotaped deposition.  Gazprom asks the Court to treat Mr. Pivert's failure to obey the Court's Order as contempt of the Court, and to order Mr. Pivert to appear for videotaped deposition within thirty (30) days of the date of entry of  a Court Order.

Additionally, FED. R. CIV. P. 37(b)(2)(C) states that "[i]nstead of or in addition to the orders above [listed in 37(b)(2)(A)(i)-(vi)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.  As referenced above in section II.A., Mr. Pivert has offered no justification whatsoever for his failure to comply with the May 19, 2014 Order, and Gazprom is not aware of any circumstances that would make an award of attorney fees unjust.  An award of Gazprom's reasonable expenses, including attorney fees, caused by Mr. Pivert's failure to appear for his Court-ordered and duly noticed deposition, is appropriate.

**C.     The Court Should Sanction Mr. Pivert for Failure to Comply with the May 19, 2014 Order.**

FED. R. CIV. P. 37(d)(1)(A)(i) allows the Court to order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition."  FED. R. CIV. P. 37(d)(1)(A)(i).  FED. R. CIV. P. 37(d)(3) specifies that the imposition of sanctions may include requiring "the party failing to act, the attorney advising that party, or both to pay the reasonable

expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3).

As detailed herein, Mr. Pivert has failed to comply with the May 19, 2014 Order, which required Mr. Pivert to appear for videotaped deposition. Mr. Pivert has offered no justification for his failure to appear and has not pointed to any circumstance that would arguably make the award of attorney's fees to Gazprom unjust, and Gazprom is not aware of any such circumstance. Sanctioning Mr. Pivert and awarding Gazprom its expenses caused by the failure of Mr. Pivert to appear for his deposition, including deposition expenses and attorney fees incurred through this Motion, would be appropriate under the circumstances. *See*, *Coane*, 898 F.2d at 1031-32. Accordingly, Gazprom asks the Court to sanction Mr. Pivert  and/or his counsel, by awarding Gazprom its deposition expenses and its attorney fees incurred by Mr. Pivert's failure to appear for his June 25, 2014 deposition

### III.    CONCLUSION

For the foregoing reasons, Gazprom respectfully requests that the Court issue an Order requiring:

(1) Jean-Marc Pivert to submit to deposition examination in conformance with the Federal Rules of Civil Procedure and the rules of Court within thirty (30) days of entry of a Court Order; and

(2)  Mr. Pivert and/or his counsel to pay Gazprom's reasonable expenses incurred: (a) in Mr. Pivert's June 25, 2014 deposition; and (b) in bringing and prosecuting this Motion, including attorney's fees.

A proposed order is attached hereto as **Exhibit F**.

Dated: July 9, 2014                              Respectfully submitted,

                                                       **BRYAN CAVE LLP**


                                                    */s/ Keith M. Aurzada*
_____
Pedro J. Martinez-Fraga (Admitted *Pro Hac Vice*)
  Florida Bar No. 752282
  200 South Biscayne Blvd.
  Suite 400
  Miami, FL 33131
  Email: pedro.martinezfraga@bryancave.com
Keith M. Aurzada
  Attorney-in-charge
  Texas Bar No. 24009880
  Southern District Bar No. 24728
James C. Bookhout
  Texas Bar No. 24087187
  Southern District Bar No. 2254975
2200 Ross Avenue, Suite 3300
Dallas, TX  75201
Telephone:  214.721.8000
Facsimile:  214.721.8100
Email: keith.aurzada@bryancave.com
        james.bookhout@bryancave.com

**ATTORNEYS FOR GAZPROM LATIN
AMERICA SERVICIOS, C.A.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 9, 2014, a copy of the foregoing was served in compliance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas electronically via the Court's CM/ECF filing system and via certified mail, return receipt requested, to the following:

Jean-Marc Pivert                                     Michael Maldonado
38 Skyflower Drive                                   THE MALDONADO LAW FIRM
Spring, TX 77381-2981                                715 Artesian
                                                     Corpus Christi, TX 78401
**Pro se respondent**
                                                     **Attorney for respondent Lindsayca, Inc.**


                              _____*/s/ James C. Bookhout*_____
                              James C. Bookhout




## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule 7.1, counsel for Gazprom Latin America Servicios, C.A. avers that Bryan Cave LLP, acting on behalf of Gazprom, has attempted to contact respondent Jean-Marc Pivert on several occasions (see, Exhibits A, B, C, and D) and that he has been unresponsive.  Counsel has therefore been unable to confer with him about this Motion.

                              _____*/s/ James C. Bookhout*_____
                              James C. Bookhout